[pic]

 COURT OF APPEALS
 SECOND DISTRICT OF TEXAS
 FORT WORTH

 NOS. 02-13-00470-CR
 02-13-00471-CR

|Jose Luis Acosta | |APPELLANT |
|V. |
|The State of Texas | |STATE |

 ------------

 FROM THE the 213th District Court OF Tarrant COUNTY

 ------------
 ABATEMENT ORDER

 -----------
 DATED
 The reporter’s record was originally due on November 19, 2013.
On January 13, 2014, the court granted court reporter Sheila Walker’s
request for an extension to file the reporter’s record, making the
record due February 5, 2014. The court stated in this order that no
further extensions would be granted.
 On February 13, 2014, and again on April 15, 2014, Walker
uploaded a reporter’s record via the Texas Appeals Management and E-
filing System (TAMES) web portal that did not include all exhibits.
On both occasions, Walker attempted to submit the remaining exhibits
to the court in their original form instead of filing them in an
electronic format via the TAMES web portal as mandated by appendix C
to the Texas Rules of Appellate Procedure and the Uniform Format
Manual for Texas Reporters’ Records.
 On May 14, 2014, as authorized by appendix C of the Texas Rules
of Appellate Procedure, the court posted guidelines for filing
reporter’s records to the court’s website. On May 15, 2014, the court
ordered Walker to file the reporter’s record in compliance with
appendix C to the Texas Rules of Appellate Procedure, the Uniform
Format Manual for Texas Reporters’ Records, and the guidelines posted
on the court’s website on or before May 27, 2014, or to be prepared to
show cause why she should not be held in contempt.
 The guidelines for reporter’s records posted to the court’s
website set forth the following procedure for a court reporter to
follow when attempting to submit exhibits that are unable to be
duplicated electronically:
 If a court reporter cannot upload a legible electronic copy of an
 exhibit via the TAMES web portal, the court reporter must include
 the exhibit number on a separator page along with the following
 statement: “EXHIBIT UNABLE TO BE DUPLICATED ELECTRONICALLY.” In
 addition, at the same time that the court reporter files the
 reporter’s record, the court reporter must also file a motion for
 leave to submit the exhibits that were unable to be duplicated
 electronically in the form of physical media. This motion must
 attach the court reporter’s sworn affidavit that 1) states that
 the court reporter was unable to file the exhibit electronically
 and 2) details the efforts made by the court reporter in an
 attempt to file the exhibit electronically. Such efforts should
 include contacting the court reporters’ liaison and/or the party
 that offered the exhibit in the trial court for assistance in
 duplicating the file in an electronic format suitable for
 uploading to the TAMES web portal.

Information on Electronic Filing, Second Court of Appeals,
http://www.2ndcoa.courts.state.tx.us/efiling/efile_news.asp (last
updated May 14, 2014) (emphasis added).
 On May 24 and 25, 2014, Walker again uploaded a reporter’s
record via the TAMES web portal that did not include all exhibits.
Specifically, the reporter’s record did not duplicate the content of
State’s Exhibits 49, 82, and 83. Despite the guidelines’ requirement
that Walker file a motion for leave to submit these exhibits in the
form of physical media, the reporter’s record instead states that
Walker has filed each of these exhibits with the district clerk’s
office. Also contrary to the guidelines’ requirements, Walker did not
submit her sworn affidavit that 1) states that she was unable to file
each of these exhibits electronically and 2) details the efforts that
she made in an attempt to file each of these exhibits electronically,
including contacting the court reporters’ liaison and/or the party
that offered the exhibits in the trial court for assistance. Thus,
Walker has failed to file the complete, compliant reporter’s record in
a timely manner as ordered by this court.
 Accordingly, we abate these appeals and remand the cases to the
trial court. The trial court shall immediately, but no later than
5:00 p.m. on Wednesday, June 4, 2014, conduct a hearing with the
attorneys of record and court reporter Sheila Walker present. Walker
shall bring with her to the hearing State’s Exhibits 49, 82, and 83.
The trial court shall use whatever means are required to ensure
Walker’s personal appearance at the show cause hearing with State’s
Exhibits 49, 82, and 83, including, if necessary, the issuance of a
capias.
 Walker is hereby notified that because she faces possible
confinement and a fine should this court hold her in contempt, she has
a right to have counsel appear with her in the show cause hearing. At
this hearing, the trial court shall further admonish Walker of her
rights.
 Walker shall show cause at this hearing why she should not be
held in contempt of this court for failing to comply with our May 15,
2014 order. See Tex. Gov’t Code Ann. § 21.002 (West 2004). The trial
court shall ask Walker to detail on the record at the hearing her
reasons and motivations for failing to file the motion and affidavit
in compliance with the guidelines for filing reporter’s records as
ordered by this court. The trial court shall also determine the
following on the record at the hearing:
 • Whether Walker contends that State’s Exhibits 49, 82, and 83
 cannot be electronically duplicated;

 • Whether Walker made any efforts to file State’s Exhibits 49, 82,
 and 83 electronically and, if so, what efforts were made;

 • Whether Walker contacted the court reporters’ liaison for
 assistance in duplicating State’s Exhibits 49, 82, and 83 in an
 electronic format suitable for uploading to the TAMES web portal;

 • Whether Walker contacted the attorneys for the State for
 assistance in duplicating State’s Exhibits 49, 82, and 83 in an
 electronic format suitable for uploading to the TAMES web portal;
 and

 • When Walker can duplicate State’s Exhibits 49, 82, and 83 in an
 electronic format suitable for uploading to the TAMES web portal
 or otherwise follow the guidelines and rules referenced above for
 each exhibit that is unable to be duplicated, or whether the duty
 of filing State’s Exhibits 49, 82, and 83 should be reassigned to
 another court reporter. If the trial court determines that a
 reassignment is necessary, the trial court shall reassign the
 duty, set a deadline for filing the exhibits in compliance with
 the above-referenced rules and guidelines no later than fourteen
 days after the date of the hearing on this matter, notify the
 replacement court reporter in writing, or on the record at the
 hearing, of the reassignment and deadline, and immediately
 transfer State’s Exhibits 49, 82, and 83 from Walker to the newly
 assigned reporter.

 The trial court shall make all findings necessary to aid this
court in determining whether to hold Walker in contempt and shall file
a record of the hearing in this court on or before Friday, June 27,
2014. This record of the hearing shall include a supplemental clerk’s
record and supplemental reporter’s record. On our receipt of the
supplemental record from the hearing, the appeal of this cause shall
be automatically reinstated without further order. After the appeal
is reinstated, we shall determine whether to hold Sheila Walker in
contempt.
 The clerk of this court shall transmit a copy of this order to
court reporter Sheila Walker via certified mail return receipt
requested and electronic mail, the attorneys of record, the trial
court clerk, and the trial court judge.
 DATED May 28, 2014.
 /s/ Lee Ann Dauphinot

 LEE ANN DAUPHINOT
 JUSTICE